# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**RANDY SCHAFER,** *et al*                                                                   **PLAINTIFFS**

**V.**                    **CASE NO. 4:10CV00167 BSM**

**BAYER CROPSCIENCE LP,** *et al*                                             **DEFENDANTS**

## ORDER

Plaintiffs move for remand to state court (Doc. No. 3) and defendant Bayer Cropscience LP, ("Bayer") opposes the motion (Doc. No. 5). Plaintiffs' motion is granted and the case is remanded to Lonoke County Circuit Court.

### I. BACKGROUND

Plaintiffs filed their initial complaint in state court on August 29, 2006. The original defendants attempted to remove this action at that time. The case was remanded to state court on October 15, 2007. On May 20, 2009, plaintiffs filed their third amended complaint adding Bayer as a defendant. Bayer could not remove the case to federal court because Riceland Foods, Inc., a co-defendant, did not consent to removal. On August, 18, 2009, plaintiffs amended the complaint for a fourth time adding two non-diverse plaintiffs. The claims against Riceland were voluntarily dismissed on September 15, 2009.

On September 17, 2009, Bayer removed this case for a second time and plaintiffs moved for remand and it was remanded again on November 3, 2009. On March 15, 2010, the state court severed the non-diverse plaintiffs and Bayer removed the case to this court again on March 16, 2010.

Plaintiffs again move remand. While conceding that there is now complete diversity, they claim that the removal was untimely. Specifically, plaintiffs argue that 28 U.S.C. § 1446(b) bars removal of a case one-year after it is filed. Plaintiff's initial complaint was filed on August 29, 2006 and therefore plaintiffs assert that the one-year time bar on removal ran on August 29, 2007. Bayer disagrees and asserts that the one-year time bar began to run on May 20, 2009 because that was the day that Bayer was added to the case. Bayer also argues that even if removal was untimely, the bar should be equitably tolled because plaintiffs engaged in forum manipulation by joining Riceland Foods, Inc., and the two non-diverse plaintiffs.

## II. LEGAL STANDARD

A civil action filed in state court may generally be removed to federal court if the federal court has jurisdiction. 28 U.S.C. § 1446(a). Removal statutes are strictly construed and when federal jurisdiction is in doubt, the court should rule in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). The removing party has the burden of proving that all the prerequisites of § 1446 are met. *In re Business Men's Assur. Co. Of America*, 992 F.2d 181, 183 (8th Cir. 1993).

## III. DISCUSSION

Typically, a notice of removal must be filed within thirty days of the day that the defendant receives the initial pleading. 28 U.S.C. § 1446(a). If the action is not removable based on the initial pleading, the defendant can file a notice of removal within 30 days of

ascertaining that the case has become removable. 28 U.S.C. § 1446(b). Removal, however, must occur within one year of "commencement of the action." *Id*.

At issue is whether the one-year time bar began to run on August 29, 2009, when the initial complaint was filed, or on May 20, 2009, when Bayer was added. Although the Eighth Circuit has not directly addressed this question, a number of district courts in the Eighth Circuit have held that an action commences for purposes of § 1446(b) when the case is filed in state court. *See e.g., Boyke v. Celadon Trucking Services, Inc.*, 2009 WL 1393870, at *3 (E.D.Mo. May 15, 2009)(holding that the one year time bar begins when the complaint is filed). Indeed, the statute is unambiguous in that "it plainly prohibits removal on diversity grounds of a case that was commenced in state court more than a year prior to its removal." *Lytle v. Lytle*, 982 F.Supp. 671, 674 (E.D.Mo. 1997)(holding that removal was untimely although third-party defendants seeking removal were brought into action more than one year after complaint was filed).

In a case similar to this case, the court in *Lidgerwood Public School v. Cole Papers, Inc., of Fargo, North Dakota*, No. A3-02-136, 2003 WL 288469, at *2 (D.N.D. Feb. 7, 2003), noted that "all the courts that have squarely addressed this issue have held that 'commencement of the action' refers to the date on which the case originally commenced. 2003 WL 288469, at *2. In *Lidgerwood*, one defendant sought removal within one year of the date it was served and approximately 19 months after service of the original complaint on a co-defendant. *Id*. at *2. The court held that removal was untimely and remanded the

3

case.

Although this rule may seem harsh to later added defendants, "[c]ongress accepted a 'modest curtailment in access to diversity jurisdiction' in exchange for avoiding 'substantial delay and disruption' after 'substantial progress in state court." *Scollard v. Rocky Mountain Holding Co., LLC,* 2007 WL 570303, at *2 (D.Neb. Feb. 14, 2007).

In addition to its first argument, Bayer cites *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 426-27 (5th Cir. 2003), in asking for equitable tolling of the one-year time limitation. *Tedford*, however, is a Fifth Circuit case and the district courts in the Eigth Circuit have held that even where there is "strong evidence" of forum manipulation, the one "one-year limitation is absolute" and cannot be equitably tolled. *Advanta Technology Ltd. V. BP Nutrition, Inc.,* 2008 WL 4619700, at * 3 (E.D. Mo., 2008); *Thelen v. Wakonda Club*, 2004 WL 1737382, at *3 (S.D. Iowa 2004).

## IV. CONCLUSION

For the reasons set forth herein, plaintiffs motion to remand (Doc. No. 3) is granted.

IT IS SO ORDERED this 19th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE

4